BROWN, ATTORNEY GENERAL, STATE OF OHIO, APPELLANT, *v.* BUYER'S CORPORATION ET AL., APPELLEES.

[Cite as Brown v. Buyer's Corp.
(1973), 35 Ohio St. 2d 191.]

(No. 72-876—Decided July 18, 1973.)

194

Messrs. Beckman, Lavercombe, Fox & Weil, Mr. Bernard C. Fox, Mr. Paul H. Tobias, and Mr. Peter W. Swenty, for appellant.

Messrs. Frost & Jacobs, Mr. James G. Headley, and Mr. F. Bruce Abel, for appellees.

WHITESIDE, J. This case involves interpretation of the definition of charitable trust contained in R. C. 109.23, which provides: "As used in Sections 109.23 to 109.33, inclusive, of the Revised Code, 'charitable trust' means any fiduciary relationship with respect to property arising as a result of a manifestation of intention to create it, and subjecting the partnership, corporation, person, or association of persons by whom the property is held to equitable duties to deal with the property for any charitable, religious or educational purpose. There are excluded from this definition and from the operation of such sections, trusts until such time as the charitable, religious or educational purpose expressed in such trust becomes vested in use or enjoyment. * * *"

The cause was determined by the Court of Common Pleas upon a motion for judgment on the pleadings, so that all facts pleaded in the amended complaint must be accepted as being true. The amended complaint contains allegations indicating a manifestation of intention by Fienco to create a fiduciary relationship with respect to the Greenhills property and subjecting Fienco "to equitable duties to deal with the property" for charitable purposes.

Paragraph numbered 20 of the amended complaint alleges that "the land and properties received from the U. S. government by Fienco in 1950 and the monies received from the individual home buyers by Fienco in the fall of 1949 became part of the irrevocable charitable trust previously established May 10, 1949, and were impressed with the trust. The corporation and its directors and officers received and held said properties as trustees, for the purpose of ensuring that all surplus and profits earned dur-

ing the life of Fienco would be devoted to charitable purposes and for the purpose of ensuring that all assets, surplus and profits in excess of the fixed obligations as aforesaid would, upon liquidation, be turned over to a charitable trust."

Thus, the issue before this court is the application of the provision of R. C. 109.23 excluding from the definition of charitable trust, "trusts until such time as the charitable * * * purpose expressed in such trust becomes vested in use or enjoyment." The Court of Appeals found that the Attorney General failed to allege a charitable trust because of this exclusion, stating that "the present obligation to establish a charitable trust at some uncertain future time cannot be held to be a trust in which the charitable purpose has vested in use and enjoyment."

Although this statement of the Court of Appeals may be correct, the Attorney General contends that a charitable trust becomes vested in use or enjoyment when the right to future use or enjoyment becomes fixed and irrevocable. Although the amended complaint does not allege that there has been any past or present use or enjoyment of the trust, it does contain allegations to the effect that the right thereto in the future became fixed and irrevocable.

On the other hand, defendants contend that there must be present, actual use or enjoyment of the trust before it becomes vested in use or enjoyment within the meaning of R. C. 109.23. Such contention interprets the provision as excluding trusts from the definition until such time as the charitable purpose of the trust becomes vested *by* use or enjoyment.

The word "vested" has a double meaning. The word "vest" is defined in Bouvier's Law Dictionary (3 Rev.) as "to give an immediate fixed right of present or future enjoyment. An estate is vested in possession when there exists a right of present enjoyment; and an estate is vested in interest when there is a present fixed right of future enjoyment."

The word "vested," standing alone, includes both

present and future enjoyment so long as the right to such present or future enjoyment is presently fixed. Although the phrase "vested in use or enjoyment," as used in R. C. 109.23, is somewhat ambiguous, we conclude that it means the time that the right of use or enjoyment, present *or* future, has become fixed and irrevocable.

We do not believe that the General Assembly intended the words "vested in use or enjoyment" to exclude from the definition of charitable trust, a trust, otherwise meeting the definition, but which provides for a temporary accumulation of assets prior to the actual devotion of the trust *res* or income for the benefit of the beneficiaries of the trust. The purpose expressed in such a trust becomes vested in use or enjoyment when the duty to accumulate commences.

The charitable purpose of a charitable trust becomes vested in use or enjoyment at the time of the creation of the equitable duty of the person, by whom the property is held, to deal with such property for such charitable purpose, whether actual enjoyment by the beneficiaries of the charitable trust is present or future.

Having determined that the amended complaint alleges the existence of a charitable trust, as defined by R. C. 109.23, it is unnecessary to determine the extent of the common law powers of the Attorney General in dealing with charitable trusts.

The judgment of the Court of Appeals is reversed, and the cause is remanded to the Court of Common Pleas for further proceedings.

*Judgment reversed.*

HERBERT, Acting C. J., CORRIGAN, STERN, CELEBREZZE, W. BROWN and STEPHENSON, JJ., concur.

WHITESIDE, J., of the Tenth Appellate District, sitting for O'NEILL, C. J.

STEPHENSON, J., of the Fourth Appellate District, sitting for P. BROWN, J.